IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Action No. CBD-12- 2034 |
| **$157,000.74 IN U.S. CURRENCY** | * | |
| **Defendant.** | * | |

## MEMORANDUM OPINION

Before this Court is Plaintiff's Motion for Final Order of Forfeiture (the "Motion") (ECF No. 16). The Court has reviewed the Motion, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court GRANTS the Motion.

**I.   Background**

On February 27, 2012, the United States of America (Plaintiff) seized $157,000.74 from Galaxy Sports Bar & Grill and a Bank of America account that had transacted with the bar. Plaintiff alleged that such currency had been involved in revenue reporting evasion in violation of federal law. 31 U.S.C. § 5324(a)(1); 31 U.S.C. § 5324(a)(3). Y.S. Enterprises (Claimant), owner of Galaxy Sports Bar alleged that the funds were revenue derived from legitimate business activities and were not subject to forfeiture.

Plaintiff and Claimant entered into a settlement agreement on April 25, 2014, agreeing that Plaintiff had reasonable cause to seize the property, that Claimant's claim to the property was timely, and that while Claimant had a right to trial, it waved such right. ECF No. 16. The

parties further agreed that Plaintiff would not criminally prosecute Claimant, that Plaintiff would release $54,310.14 of the seized funds to Claimant, and that Claimant would withdraw its claim as to the remaining $102,690.60.

**II.     Discussion**

Businesses are required to report transactions of over $10,000 to the Internal Revenue Service and Financial Crimes Enforcement Network.  31 U.S.C. § 5313(a); 31 C.F.R. § 103.22(b)(1); *see also United States v. Peterson*, 607 F.3d 975, 977 (4th Cir. 2010).  Under federal law, "[n]o person shall, for the purpose of evading the reporting requirements of section 5313(a) . . . cause or attempt to cause a domestic financial institution to fail to file a report required under section 5313(a)."  31 U.S.C. § 5324(a)(1).  A person can attempt to cause a domestic financial institution, such as a bank, to fail to file a report by engaging in what is known as "structuring," or splitting deposits to that bank into smaller increments to avoid triggering the reporting requirement under Section 5313(a).  *Peterson*, F.3d at 977.  The United States government is entitled to seize and forfeit currency involved in specified forms of reporting evasion, including structuring.  31 U.S.C. § 5317(c)(2).

As the affidavit of Internal Revenue Service Federal Task Force Officer John Matzerath makes clear, the transactions associated with the seized funds appear to have been structured to avoid triggering the $10,000 reporting requirement.  ECF No. 1.  Most notably, on nine separate days, multiple cash deposits were made that, in the aggregate, totaled more than $10,000.  This Court agrees with the parties to the settlement agreement that there was probable cause to suspect structuring, and that the civil forfeiture of these funds was thus proper.

This Court is not aware of any authority that requires judicial inquiry into the amount released or retained in a civil forfeiture settlement.  The release of $54,310.14 of the seized funds to Claimant and continued control of the remaining $102,690.60 by Plaintiff thus appears proper.

### III.    Conclusion

For the foregoing reasons, this Court GRANTS the Motion.


September 17, 2014                                                            /s/
                                                                          Charles B. Day
                                                                          United States Magistrate Judge



CBD/sdh